UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GAXIOLA, | ) Case No. CV 13-3239 DSF(JC) |
| Plaintiff, | ) MEMORANDUM OPINION AND |
| v. | ) ORDER DISMISSING ACTION |
| PIERCE COLLEGE, et al., | ) |
| Defendants. | ) |

On May 10, 2013, plaintiff, Jorge Gaxiola ("plaintiff"), who is at liberty and has been granted leave to proceed *in forma pauperis*, filed a *pro se* Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against Pierce College and Does 1-10. (Complaint at 1-2). Plaintiff sues the individual defendants in their individual capacities only and seeks monetary relief from all defendants. (Complaint at 2, 6).

As plaintiff is proceeding *in forma pauperis*, the assigned Magistrate Judge screened the Complaint prior to ordering service on defendants, to determine if the Complaint fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

///

On May 16, 2013, the Magistrate Judge issued an order (the "May Order") advising plaintiff that the Complaint was deficient for reasons described in the May Order and affording plaintiff an opportunity to file a First Amended Complaint within fourteen (14) days if he wished to proceed with this action.[1]  The May Order further expressly advised plaintiff that the failure timely to file a First Amended Complaint may result in the dismissal of this action with or without prejudice on the grounds set forth in the May Order and/or for failure diligently to prosecute.  To date, although the foregoing deadline has expired, plaintiff has failed to file a First Amended Complaint or to seek an extension of time to do so.

In light of the foregoing, on June 14, 2013, the Magistrate Judge issued an Order to Show Cause ("OSC") directing plaintiff, by June 21, 2013, to show cause in writing why this action should not be dismissed based upon the deficiencies in the Complaint identified in the May Order and/or based upon plaintiff's failure to prosecute.  The OSC expressly cautioned plaintiff that the failure timely to comply with the OSC and/or to show good cause would result in the dismissal of this action based upon the deficiencies identified in the May Order, plaintiff's failure to prosecute, and/or plaintiff's failure to comply with the OSC.  To date, plaintiff has failed to file a response to the OSC, and the deadline to do so has now expired.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  In

---

[1] Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that:  (1) defendant Pierce College – a state entity – is immune from this Section 1983 action which seeks monetary relief; and (2) as to the only remaining defendants – Does 1-10 – plaintiff had improperly failed to make individualized allegations about each such Doe defendant, i.e., he had failed to refer to each such defendant by a separate fictitious name (e.g., John Doe No. 1, John Doe No. 2, etc.) and had failed to allege facts that demonstrate a causal link between each such official's actions and an alleged constitutional violation.

determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

      The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting plaintiff's response to the Court's directives. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the OSC, has been afforded the opportunity to do so, and has not responded, no sanction lesser than dismissal without prejudice is feasible.

      IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's failure to prosecute and failure to comply with the OSC.

      IT IS SO ORDERED.

DATED: _____7/2/13

*/s/ Dale S. Fischer*

_____

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE